# United States District Court
## Northern District of Ohio

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Mark A. Choskov** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **3:07cr262**<br><br>USM Number: 43657-060<br><br>Rebecca L. West-Estell<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]   pleaded guilty to count <u>one of the Indictment</u>.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 3/30/07 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

November 5, 2007
Date of Imposition of Judgment

s/ James G. Carr
Signature of Judicial Officer

**JAMES G. CARR**, United States Chief District Judge
Name & Title of Judicial Officer

November 7, 2007
Date

AO 245B (Rev. 6/05) Sheet 2 - Probation

| | | |
|---|---|---|
| CASE NUMBER: | 3:07cr262 | Judgment - Page 2 of 5 |
| DEFENDANT: | Mark A. Choskov | |

# PROBATION

The defendant is hereby sentenced to probation for a term of 5 years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the Court.

[✔] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔] The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 6/05)  Sheet 3 - Probation

| | | |
|---|---|---|
| CASE NUMBER: | 3:07cr262 | Judgment - Page 3 of 5 |
| DEFENDANT: | Mark A. Choskov | |

# SPECIAL CONDITIONS OF PROBATION

The defendant shall provide the probation officer access to all requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall participate in an outpatient mental health treatment program as directed by the probation officer.

The defendant shall participate in the Home Confinement Program with Electronic Monitoring for a period of 6 months, to commence no later than 30 calendar days from sentencing.  The defendant shall be required to remain in his residence unless given permission in advance by the probation officer to be elsewhere.  The defendant may leave his residence to work and receive medical treatment (including providing medical care for his mother) and to attend religious services.  The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol tests as specified by the probation officer.  The defendant may participate in the Earned Leave Program under terms set by the probation officer.  The defendant is required to pay the costs associated with the Home Confinement Program.

The defendant shall not participate in any form of legal or illegal gambling, which also includes the internet and lottery.  The defendant shall not frequent any gambling establishments or associate with any individuals involved in gambling.

The defendant, if requested by the probation officer, shall participate in financial/debt counseling.

AO 245B (Rev. 6/05) Sheet 4 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: 3:07cr262 | | Judgment - Page 4 of 5 |
| DEFENDANT: Mark A. Choskov | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 2,000.00 | $ 4,350.00 |

[ ]  The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fifth-Third Bank c/o Kelly Doran 606 Madison Toledo, Ohio 43604 | | $4,350.00 | |
| TOTALS: | $ _ | $ 4,350.00 | |

[ ]  Restitution amount ordered pursuant to plea agreement  **$____**

[]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [X]  The interest requirement is waived for the   [✔] fine   [✔] restitution.

  [ ]  The interest requirement for the   [] fine   [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case: 3:07-cr-00262-JGC  Doc #: 18  Filed: 11/07/07  5 of 5.  PageID #: 60

AO 245B (Rev. 6/05)  Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 3:07cr262 | Judgment - Page 5 of 5 |
| DEFENDANT: Mark A. Choskov | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✔] The defendant shall pay a fine in the amount of $2,000.00.  Payment plan to be set up by the probation department.  The fine shall be paid in equal monthly installments, commencing not later than November 5, 2009.  The fine shall be paid in full by not later than November 5, 2011. The court waives the interest requirement in this case.

B [✔] The defendant shall pay restitution in the amount of $4,350.00.  Restitution is due and payable immediately. The defendant shall pay at least 10% of his gross monthly income during the term of probation and thereafter as prescribed by law.  Restitution shall be paid in full by not later than November 5, 2009.

Nothwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this judgment.  The Court waives the interest requirement in this case.

C [ ] Payment in equal  installments of $  over a period of , to commence  days after the date of this judgment; or

D [ ] Payment in equal  installments of $  over a period of , to commence  days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within   (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

[✔] A special assessment of $100.00 is due in full by 11/15/07 as to count one.
PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT

[ ] After the defendant is release from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the restitution. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant name, Case Number, Total Amount, Joint and Several Amount and corresponding payee):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.